UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>DEHON, INC.<br><br>――――――――――――――<br><br>STEPHEN S. GRAY,<br>AS PLAN ADMINISTRATOR OF<br>DEHON, INC.<br><br>                Plaintiff,<br>v.<br><br>BRIAN BARNETT, R. SCHORR<br>BERMAN, JOHN W. BROWN, JILL K.<br>CONWAY, PAUL E. GRAY, JEROME H.<br>GROSSMAN, M.D., MICHAEL<br>HAWLEY, THOMAS JOBSKY, ASHOK<br>S. KALALKAR, MARGARET G. KERR,<br>LORENZO LAMADRID, CHARLES R.<br>LAMANTIA, PAMELA W.<br>MCNAMARA, BERHARD METZGER,<br>ARNO A. PENZIAS, JAVIER<br>ROTLLANT, CLAIR RUSKIN, STUART<br>SAINT, GERHARD SCHULMEYER,<br>PETER WOOD, AND WOLFGANG<br>ZILLESSEN,<br><br>                Defendants. | Chapter 11<br><br>Case No. 02-41045 (HJB)<br><br>(Substantively Consolidated)<br><br><br><br><br><br><br>Adversary Proceeding<br>No. |



**JILL KER CONWAY AND PAUL E. GRAY'S**
**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW REFERENCE**

In this adversary proceeding, the Plan Administrator has asserted claims against Jill Ker Conway ("Conway") and Paul Gray ("Gray") for alleged breach of their fiduciary duty and violation of Mass. Gen. L. ch. 156b, § 61 in connection with pre-petition distributions to shareholders authorized by the board of directors of Arthur D. Little (now known as Dehon) between June 1999 and July 2000 while Conway and Gray were directors. See Counts I- V of the Complaint, attached as Exhibit A.[1]  The claims against Conway and Gray are non-core proceedings,[2] and they have a right to a jury trial of these claims, which they have properly asserted. See Answer, attached as Exhibit B, at ¶ 23 and at p. 31. Accordingly, they request the district court to withdraw the reference of these claims to the bankruptcy court on the ground that assertion of their right to a jury trial provides "cause shown" for withdrawing the reference.

"[T]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  Assertion of the right to a jury trial is cause for withdrawal of the reference given that the bankruptcy court cannot hold a jury trial unless both

---

[1] While there are numerous claims against other defendants, the only other claim against Conway and Gray is Count VI, which is entirely dependent upon adjudication of the non-core claims alleged in Counts I through V. Count VI merely seeks disallowance of claims by Conway and Gray against the bankrupt estate until any judgment obtained against them on Counts I through V is satisfied.

[2] The state law breach of fiduciary duty and statutory claims against Conway and Gray are quintessential non-core proceedings. *See Ralls v. Docktor Pet Center, Inc.*, 177 B.R. 420, 425 & 425 n.6 (D. Mass. 1995)(defining core and non-core claims); *see also In re Integrated Health Systems, Inc.*, 291 B.R. 615, 619 (D. Del. 2003)(holding that claims against debtor's current and former officers and directors for their alleged pre-petition corporate waste and breach of fiduciary duty were not core proceedings); *In re Systems Eng. & Energy Mgmt. Assoc.*, 252 B.R. 635, 645 (E.D. Va. 2000)(same); *610 W. 142 Owners*, 219 B.R. at 363, 370-371, 372 (S.D.N.Y. 1998)(same); *In re Dollar Time Group, Inc.*, 223 B.R. 237, 240 (S.D. Fla. 1998)(same); *In re Emerald Acquisition Corp.*, 170 B.R. 632 (N.D. Ill. 1994)(same); *In re Delaware & Hudson Ry. Co.*, 122 B.R. 887, 894 (D. Del. 1991) (same); *In re Athos Steel & Aluminum., Inc.*, 71 B.R. 525, 534-535 (E.D. Pa. 1987)(same).

parties consent.[3] *See, e.g., In re Dooley Plastic Co., Inc.*, 182 B.R. 73 (D. Mass. 1994)(Lindsay, J.)("The conclusion that the Bankruptcy Court is not authorized to conduct a jury trial in this case constitutes good cause for withdrawing the reference to the bankruptcy judge."); *In re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990)(district court's refusal to withdraw reference was abuse of discretion where non-debtor against whom claims were asserted had right under seventh amendment to jury trial); *In re Iridium Operating LLC*, 285 B.R. 822 (S.D.N.Y. 2002)(where jury demand has been filed, district court may find that inability of bankruptcy court to hold jury trial constitutes "cause" for withdrawal of reference); *In re Millennium Studios, Inc.*, 286 B.R. 300 (D. Md. 2002); *In re Larry's Apartment*, 210 B.R. 469, 473 (D. Ariz. 1997)("because bankruptcy courts cannot conduct jury trials on noncore matters, withdrawal is mandated if a litigant is entitled to jury trial on such matters"); *Stein v. Miller*, 158 B.R. 876 (S.D. Fla. 1993)(defendants in adversary proceedings were entitled to withdrawal of the reference and jury trial in federal district court as to any legal issues that required trial); *In re Tastee Donuts, Inc.*, 137 B.R. 204 (E.D. La. 1992)(reference to bankruptcy court had to be withdrawn given that court could not conduct jury trial in adversary proceeding); *In re National Enterprises, Inc.*, 128 B.R. 956 (E.D. Va. 1991)(withdrawal of reference to bankruptcy court was appropriate means of according lessor its seventh amendment right to jury trial); *In re Transcon Lines*, 121 B.R. 837 (C.D. Cal.1990).

While Conway and Gray's assertion of their right to jury trial on these non-core claims by itself constitutes "cause shown," the interest of judicial economy further

---

[3] "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e).

3

supports withdrawal of the reference. *See, e.g., In re Dooley Plastic Co., Inc.*, 182 B.R. 73, 80 (D.Mass.1994)(quoting *In re United States v. Kaplan*, 146 B.R. 500, 504 (D. Mass. 1992)). Since the claims against Conway and Gray for breach of fiduciary duty and violation of Mass. Gen. L. ch. 156b are not core bankruptcy proceedings, the bankruptcy court cannot enter final judgments or decisions on dispositive motions on these claims.[4] These are not claims over which the bankruptcy court has any particular expertise, and it would be a waste of judicial resources for the bankruptcy court to handle such claims when a subsequent *de novo* review by the district court of decisions on dispositive motions, and subsequent handling of all trial proceedings, would be required.

For these reasons, Conway and Gray respectfully request that the court withdraw the reference of the claims against them from the bankruptcy court to the district court.

JILL K. CONWAY and PAUL E. GRAY,

By their attorneys,

Robert E. Sullivan, BBO # 487820
Sandra Sue McQuay, BBO # 340120
Andrea C. Kramer, BBO # 632584
SULLIVAN WEINSTEIN & MCQUAY, P.C.
Two Park Plaza, Suite 610
Boston, MA 02116
(617) 348-4300

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above documents was served upon the attorney(s) of record for each other party by mail/hand on 4/4/04

April 6, 2004

---

[4] A "bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11 but in such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

4