UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>DEHON, INC. | Chapter 11<br><br>Case No. 02-41045 (HJB)<br><br>(Substantively Consolidated) |
| STEPHEN S. GRAY,<br>AS PLAN ADMINISTRATOR OF<br>DEHON, INC.<br><br>Plaintiff,<br><br>v.<br><br>BRIAN BARNETT, R. SCHORR BERMAN, JOHN W. BROWN, JILL K. CONWAY, PAUL E. GRAY, JEROME H. GROSSMAN, M.D., MICHAEL HAWLEY, THOMAS JOBSKY, ASHOK S. KALALKAR, MARGARET G. KERR, LORENZO LAMADRID, CHARLES R. LAMANTIA, PAMELA W. MCNAMARA, BERHARD METZGER, ARNO A. PENZIAS, JAVIER ROTLLANT, CLAIR RUSKIN, STUART SAINT, GERHARD SCHULMEYER, PETER WOOD, AND WOLFGANG ZILLESSEN,<br><br>Defendants. | Adversary Proceeding<br>No. |



### JILL KER CONWAY AND PAUL E. GRAY'S
### MOTION FOR DETERMINATION THAT PROCEEDINGS ARE NON-CORE

Defendants Jill Ker Conway ("Conway") and Paul E. Gray ("Gray") hereby move, pursuant to 28 U.S.C. § 157(b)(3), for a determination that the claims against them for breach of fiduciary duty and violation of Mass. Gen. L. ch. 156b, § 61 are non-core proceedings.

JILL K. CONWAY and PAUL E. GRAY,

By their attorneys,

*/s/ Andrea Kramer*

Robert E. Sullivan, BBO # 487820
Sandra Sue McQuay, BBO # 340120
Andrea C. Kramer, BBO # 632584
SULLIVAN WEINSTEIN & MCQUAY. P.C.
Two Park Plaza, Suite 610
Boston, MA 02116
(617) 348-4300

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above documents was served upon the attorney(s) of record for each other party by mail/hand on 4/6/04

*/s/ Andrea Kramer*

April 6, 2004

FILED
IN CLERK'S OFFICE
2004 APR -7  A 10: 3?
BANKRUPTCY COURT
WORCESTER, MA.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>DEHON, INC. | Chapter 11<br><br>Case No. 02-41045 (HJB)<br><br>(Substantively Consolidated) |
| STEPHEN S. GRAY,<br>AS PLAN ADMINISTRATOR OF<br>DEHON, INC.<br><br>                   Plaintiff,<br><br>v.<br><br>BRIAN BARNETT, R. SCHORR<br>BERMAN, JOHN W. BROWN, JILL K.<br>CONWAY, PAUL E. GRAY, JEROME H.<br>GROSSMAN, M.D., MICHAEL<br>HAWLEY, THOMAS JOBSKY, ASHOK<br>S. KALALKAR, MARGARET G. KERR,<br>LORENZO LAMADRID, CHARLES R.<br>LAMANTIA, PAMELA W.<br>MCNAMARA, BERHARD METZGER,<br>ARNO A. PENZIAS, JAVIER<br>ROTLLANT, CLAIR RUSKIN, STUART<br>SAINT, GERHARD SCHULMEYER,<br>PETER WOOD, AND WOLFGANG<br>ZILLESSEN,<br><br>                   Defendants. | Adversary Proceeding<br>No. |

<u>**JILL KER CONWAY AND PAUL E. GRAY'S**</u>
<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**MOTION FOR DETERMINATION THAT PROCEEDINGS ARE NON-CORE**</u>

Defendants Jill Ker Conway ("Conway") and Paul E. Gray ("Gray") submit this memorandum in support of their motion, pursuant to 28 U.S.C. § 157(b)(3), for a determination that the claims against them for breach of fiduciary duty and violation of Mass. Gen. L. ch. 156b, § 61 in connection with pre-petition distributions to shareholders authorized by the debtor's board of directors between June 1999 and July 2000 while Conway and Gray were directors (Counts I- V), are non core proceedings.[1]

The bankruptcy judge "shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3). Such a determination is necessary here because a "bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11 but in such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). Additionally, such a determination is relevant to Conway and Gray's pending Motion to Withdraw the Reference, which has also been filed with the Court.

While the Plan Administrator has alleged that all claims in this action are core proceedings under 28 U.S.C. § 157(b)(2)(F), (H), and (O) (see Complaint, ¶ 23), the state law breach of fiduciary duty and statutory claims against Conway and Gray are classic

---

[1] While there are numerous claims against other defendants, the only other claim against Conway and Gray is Count VI, which is entirely dependent upon adjudication of the non-core claims alleged in Counts I through V. Count VI merely seeks disallowance of claims by Conway and Gray against the bankrupt estate until any judgment obtained against them on Counts I through V is satisfied.

non-core claims. Indisputably, they do not fall under subparts F and H of the statute as alleged because they do not concern fraudulent conveyances or preferences.[2] Nor do they constitute "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship" under subpart O of the statute.

The determination of whether a proceeding is core or non-core is to be made on a claim-by-claim basis. *Ralls v. Docktor Pet Center, Inc.*, 177 B.R. 420, 425 & 425 n.6 (D. Mass. 1995)("Each claim must, on its own, satisfy the requirements of § 157(b). A district court must scrutinize each count and each asserted right for relief to determine which ones were properly before the bankruptcy judge for final resolution and which ones must receive *de novo* review.") A proceeding is core "'if it invokes a substantive right provided by title 11 or if it is a [proceeding] that, by its nature, could arise only in the context of a bankruptcy case.'" *Id.* at 424 (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987)). A proceeding is non-core, on the other hand, if it is a state or federal claim that does not stem from the Code itself and would survive outside of the bankruptcy context. *Id.* Generally, if the claim could have been brought before the filing of the bankruptcy petition or could have been initiated in a state or district court in the absence of bankruptcy, the claims are non-core. *Id.*; *In re Spookyworld*, 266 B.R. 1, 8 (D. Mass. 2001)(Boroff, J.)(approvingly citing *Ralls* and finding breach of contract claims to be non-core); *In re N. Parent Inc.*, 221 B.R. 609, 624 (D. Mass.1998)(Boroff, J)(same); *In re Palmer Trucking*, 201 B.R. 9, 18 (D. Mass. 1996)(Boroff, J.). In determining whether

---

[2] 28 U.S.C. § 157(b)(2) provides, in relevant part, that "[c]ore proceedings include, but are not limited to -- (f) proceedings to determine, avoid, or recover preferences; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor creditor or the equity security holder relationship, except personal injury tort or wrongful death claims."

claims are core or non-core, this Court has echoed the concerns raised by Judge Tauro in *Ralls* and Judge Young in *Kwiat v. Doucette,* 81 B.R. 184, 192 (D. Mass. 1987) that too expansive a reading of 28 U.S.C. § 157(b) is inappropriate and might create constitutional issues, *e.g., In re Palmer Trucking,* 201 B.R. at 18, and has stated that "Section 157(b)(2)(O) cannot be used as a 'black hole' to turn traditional non-core proceedings into core proceedings," *In re N. Parent Inc.,* 221 B.R. at 626.

In this case, the Plan Administrator has alleged that the debtor's board of directors breached their common law fiduciary duties and violated Massachusetts statutory law by approving certain pre-petition distributions to shareholders. These are state law claims that in no way stem from the Bankruptcy Code and certainly could have been brought in state court before the bankruptcy proceeding or even in the absence of a bankruptcy proceeding. They are, therefore, non-core proceedings.

The vast majority of cases have found that breach of fiduciary duty claims for pre-petition activities are non-core proceedings. *See, e.g., In re Integrated Health Systems, Inc.,* 291 B.R. 615, 619 (D. Del. 2003)(holding that claims against debtor's current and former officers and directors for their alleged pre-petition corporate waste and breach of fiduciary duty were not core proceedings); *In re Systems Eng. & Energy Mgmt. Assoc.,* 252 B.R. 635, 645 (E.D. Va. 2000)(same based on finding that claim would have been in existence prior to filing of bankruptcy case and would likewise continue to exist independently from the Bankruptcy Code's provisions, that bankruptcy case's filing does not significantly affect the parties' rights, and that claim of a corporation or its creditors for breach of fiduciary duty against the corporation's officers and directors is solely a creature of state law that does not implicate public rights); *610*

4

*W. 142 Owners*, 219 B.R. 363, 370-371, 372 (S.D.N.Y. 1998)(holding that pre-petition state law causes of action for negligence and breach of fiduciary duty are non-core proceedings); *In re Dollar Time Group, Inc.*, 223 B.R. 237, 240 (S.D. Fla. 1998)(holding that state law breach of fiduciary duty claims against directors for pre-petition actions were non-core proceeding); *In re Emerald Acquisition Corp.*, 170 B.R. 632 (N.D. Ill. 1994)(same); *In re Delaware & Hudson Rwy. Co.*, 122 B.R. 887, 894 (D. Del. 1991) (holding that claims against directors for declaration of unlawful dividends, waste, and breach of fiduciary duty were non-core where they existed prior to and independent of the bankruptcy filing); *In re Athos Steel & Aluminum., Inc.*, 71 B.R. 525, 534-535 (E.D. Pa. 1987)(holding that breach of fiduciary duty claim against directors for pre-petition actions was not core proceeding); *see also* King, *Collier on Bankruptcy*, ¶3 02[3][d] at 3-46 (15th ed. rev.1998) (criticizing as incorrectly decided few cases holding that actions against the debtor's former officers and directors for breach of fiduciary duty arising out of pre-petition conduct are core proceedings under § 157(b)(2)(O)).

Accordingly, Conway and Gray respectfully request that this Court enter an order finding that the breach of fiduciary duty and statutory claims against them, Counts I through V of the Complaint, are non-core proceedings.

JILL K. CONWAY and PAUL E. GRAY,

By their attorneys,

*(signature)*

Robert E. Sullivan, BBO # 487820
Sandra Sue McQuay, BBO # 340120
Andrea C. Kramer, BBO # 632584
SULLIVAN WEINSTEIN & MCQUAY, P.C.
Two Park Plaza, Suite 610
Boston, MA 02116
(617) 348-4300

April 6, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above documents was served upon the attorney(s) of record for each other party by mail/hand on 4/6/04

*(signature)* Andrea Kramer

5