UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>DEHON, INC.,*<br><br>Debtor.<br><br>* The Debtor, formerly named ARTHUR D. LITTLE, INC., changed its name to Dehon, Inc. following the sale of substantially all of its operating assets pursuant to an order of the Bankruptcy Court dated April 29, 2002. | Chapter 11<br><br>Case No. 02-41045 (HJB)<br><br>(Substantively Consolidated) |
| STEPHEN S. GRAY,<br>AS PLAN ADMINISTRATOR OF<br>DEHON, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN BARNETT, *et al.*,<br><br>Defendants. | Adversary Proceeding<br>No. 04-04287 |

**PLAN ADMINISTRATOR'S RESPONSE
TO JILL KER CONWAY AND PAUL E. GRAY'S
<u>MOTION FOR DETERMINATION THAT PROCEEDINGS ARE NON-CORE</u>**

Plaintiff, Stephen S. Gray, the duly appointed administrator of Dehon, Inc. ("Plaintiff") (Dehon, Inc. referred to herein as "Dehon"), by and through his undersigned counsel, hereby submits his *Response to Jill Ker Conway and Paul E. Gray's Motion for Determination That Proceedings Are Non-Core* (the "Response") pursuant to Federal Rule of Bankruptcy Procedure 9013 and MLBR 9013-1(d). In support of this Response, Plaintiff respectfully states as follows:

I. **Plaintiff Does Not Dispute That Counts I to V Could Be Considered Non-Core Proceedings As Against Defendants Conway and Gray.**

Defendants Jill Ker Conway ("Conway") and Paul E. Gray ("Gray") argue in their *Motion for Determination That Proceedings Are Non-Core* (the "Motion") that the claims against them for breach of fiduciary duty and violation of Mass. Gen. Laws ch. 156B, § 61 in connection with prepetition distributions to shareholders authorized by Dehon's Board of Directors between June 1999 and July 2000 while Conway and Gray were directors (Counts I – V), are non-core proceedings. Based on the authorities set forth in the Motion, Plaintiff does not dispute that Counts I – V could be considered non-core proceedings as against Conway and Gray. See, e.g., Ralls v. Docktor Pet Center, Inc., 177 B.R. 420, 425 (D. Mass. 1995) (noting that the core/non-core determination is made on a claim-by-claim basis); Official Comm. of Unsecured Creditors of Integrated Health Services, Inc. v. Elkins (In re Integrated Health Services, Inc.), 291 B.R. 615, 619 (D. Del. 2003) (holding that claim against debtor's current and former officers and directors for breach of fiduciary duty was non-core); Hudgins v. Shah (In re Systems Eng. & Energy Mgmt. Assoc.), 252 B.R. 635 (Bankr. E.D. Va. 2000) (holding that claims against debtor's former director and officer for breach of fiduciary duty and unauthorized distributions to shareholders were non-core); Mellon v. Delaware & Hudson Rwy. Co. (In re Delaware & Hudson Rwy. Co.), 122 B.R. 887, 894 (D. Del. 1991) (holding that claims against directors for declaration of unlawful dividends and breach of fiduciary duty were non-core where such payments ceased prior to the bankruptcy filing). Accordingly, Plaintiff does not oppose the relief requested in the Motion.

II. **The Outcome of This Adversary Proceeding Will Adjust the Debtor/Creditor Relationship.**

Notwithstanding that Plaintiff concedes that Counts I – V as against Conway and

Gray could be considered non-core claims, the outcome of this adversary proceeding (including Counts I – V) will adjust of the debtor/creditor relationships involved. In addition, the outcome of this adversary proceeding will affect the liquidation of Dehon's estate, insofar as (a) Conway and Gray have filed proofs of claim against the estate and seek recovery thereby of a pro rata share of the estate *res*; and (b) Conway and Gray may have setoff rights associated with any judgment in favor of Plaintiff and against Conway and Gray in this adversary proceeding.

Plaintiff is filing contemporaneously in the United States District Court a limited opposition to Conway and Gray's motion to withdraw the reference. For the convenience of this Court, a true and correct copy is attached hereto as Exhibit A.

Dated: May 7, 2004

/s/ Douglas B. Rosner
Douglas B. Rosner (BBO #559963)
Julie A. Frohlich (BBO #554707)
Christian J. Urbano (BBO #644471)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
Tel:   (617) 482-1776
Fax:   (617) 574-4112
drosner@goulstonstorrs.com

Counsel to the Plan Administrator

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DEHON, INC.,* | ) | Case No. 02-41045 (HJB) |
| | ) | |
| | ) | (Substantively Consolidated) |
| Debtor. | ) | |
| | ) | |
| * The Debtor, formerly named ARTHUR D. LITTLE, INC., changed its name to Dehon, Inc. following the sale of substantially all of its operating assets pursuant to an order of the Bankruptcy Court dated April 29, 2002. | ) | |
| | ) | |
| STEPHEN S. GRAY, AS PLAN ADMINISTRATOR OF DEHON, INC., | ) | Bankruptcy Court Adversary Proceeding No. 04-04287 |
| Plaintiff, | ) | |
| v. | ) | |
| BRIAN BARNETT, et al., | ) | District Court Civil Docket No. 4:04-CV-40056-NMG |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO JILL KER CONWAY AND PAUL E. GRAY'S MOTION TO WITHDRAW REFERENCE AND REQUEST FOR ORAL ARGUMENT**

Plaintiff, Stephen S. Gray, the duly appointed administrator of Dehon, Inc. ("Plaintiff") (Dehon, Inc. referred to herein as "Dehon"), by and through his undersigned counsel, hereby submits his *Memorandum of Law in Opposition to Jill Ker Conway and Paul E. Gray's Motion to Withdraw Reference and Request for Oral Argument* (the "Opposition") pursuant to Local Rule of the United States District Court for the District of Massachusetts 7.1(B)(2) and (D). In support of this Opposition, Plaintiff respectfully

states as follows:

## Background

On or about February 4, 2004, Plaintiff commenced the above-referenced adversary proceeding by filing his *Complaint Against Former Directors of Dehon, Inc. to Recover Shareholder Distributions under Applicable State Law and against Certain Former Directors to Avoid and Recover Transfers of Property under 11 U.S.C. §§ 544, 547, 548, 550, 553 and Applicable State Law and to Disallow Claims under 11 U.S.C. §§ 105 and 502(d)* (the "Complaint") in the United States Bankruptcy Court for the District of Massachusetts (Western Division), seeking, among other relief, damages against twenty (20) former directors of Dehon (including Jill Ker Conway ("Conway") and Paul E. Gray ("Gray")) in the amount of any and all distributions authorized by the Board of Directors of Dehon or made to shareholders when Dehon was insolvent under Mass. Gen. Laws ch. 156B, § 61 and for breach of fiduciary duty.[1] On or about April 6, 2004, Conway and Gray filed the following responsive pleading and motions:

- Jill Ker Conway and Paul E. Gray's Answer to Complaint and Demand for Jury Trial;

- Jill Ker Conway and Paul E. Gray's Motion to Withdraw Reference;

- Jill Ker Conway and Paul E. Gray's Memorandum in Support of Motion to Withdraw Reference (the "Reference Motion");

- Jill Ker Conway and Paul E. Gray's Motion for Determination That Proceedings Are Non-Core; and

- Jill Ker Conway and Paul E. Gray's Memorandum in Support of Motion for Determination That Proceedings Are Non-Core (the "Core/Non-Core

---

[1] Plaintiff also asserts claims against certain of the various Defendants for avoidance and recovery of transfers under sections 544, 547, 548, 550 and 553 of the Bankruptcy Code, disallowance of claims pursuant to sections 105 and 502(d) of the Bankruptcy Code, liability on distributions causing insolvency under Mass. Gen. Laws ch. 156B, § 45, unjust enrichment, and avoidance and recovery of fraudulent transfers under applicable state law.

Motion").

On or about April 14, 2004, Plaintiff filed his *Notice of Agreement by Plan Administrator of Dehon, Inc., Jill Ker Conway and Paul E. Gray Extending the Time for the Plan Administrator of Dehon, Inc. to Respond to Certain Motions Filed by Jill Ker Conway and Paul E. Gray*, which set forth May 7, 2004 as the deadline for Plaintiff to file this Opposition. On or about April 20, 2004, the Bankruptcy Court clerk certified on the bankruptcy docket in the above-referenced adversary proceeding that it had transmitted the Reference Motion to this Court. See Docket No. 45 to Adv. Proc. No. 04-04287.

The Complaint names twenty (20) defendants, contains what should be considered core and non-core proceedings within the meaning of 28 U.S.C. § 157(b), and involves certain defendants, such as Conway and Gray, who are not entitled to a jury trial and other defendants who may be so entitled.

Conway and Gray have moved to withdraw the reference of this case to the Bankruptcy Court. Under all the relevant circumstances, Plaintiff submits that this Court should withdraw the reference *in part only* so that all pretrial matters remain with the Bankruptcy Court. See MLBR 9015-1(c). Plaintiff further submits that the Bankruptcy Court should be authorized to make final rulings on dispositive motions regarding core proceedings but should only make findings of facts and law and further provide recommendations to this Court for final determination for non-core claims. With regard to the conduct of the trial itself, Plaintiff respectfully requests that this Court defer ruling on such matters until such time as all defendants have answered, the primary procedural and substantive issues in this case have begun to take shape and, generally speaking, the case is closer to being trial ready.

Moreover, in addition to Conway and Gray, a group of five (5) other defendants

-3-

also has recently filed a motion to withdraw the reference. Furthermore, six other (6) Defendants reside in foreign countries and Plaintiff has not yet received confirmation that service has been affected through their respective country's central authority for service of process pursuant to the Hague Convention. Accordingly, Plaintiff requests that the Court rule on these withdrawal of reference issues all at once and for the entire adversary proceeding, and consider deferring hearing the instant Reference Motion until all Defendants have been served and given a reasonable opportunity to be heard on this matter.

## Legal Argument

### A. Plaintiff Does Not Dispute That Counts I to V Could Be Considered Non-Core Proceedings As Against Conway and Gray.

Conway and Gray argue in their Core/Non-Core Motion that the claims against them for breach of fiduciary duty and violation of Mass. Gen. Laws ch. 156B, § 61 in connection with prepetition distributions to shareholders authorized by Dehon's Board of Directors between June 1999 and July 2000 while Conway and Gray were directors (Counts I – V), are non-core proceedings. Based on the authorities set forth in the Core/Non-Core Motion, Plaintiff does not dispute that Counts I – V could be considered non-core proceedings as against Defendants Conway and Gray. See Ralls v. Docktor Pet Center, Inc., 177 B.R. 420, 425 (D. Mass. 1995) (noting that the core/non-core determination is made on a claim-by-claim basis); Official Comm. of Unsecured Creditors of Integrated Health Services, Inc. v. Elkins (In re Integrated Health Services, Inc.), 291 B.R. 615, 619 (D. Del. 2003) (holding that claim against debtor's current and former officers and directors for breach of fiduciary duty was a non-core proceeding); Hudgins v. Shah (In re Systems Eng. & Energy Mgmt. Assoc.), 252 B.R. 635 (Bankr.

E.D. Va. 2000) (holding that claims against debtor's former director and officer for breach of fiduciary duty and unauthorized distributions to shareholders were non-core claims); Mellon v. Delaware & Hudson Rwy. Co. (In re Delaware & Hudson Rwy. Co.), 122 B.R. 887, 894 (D. Del. 1991) (holding that claims against directors for declaration of unlawful dividends and breach of fiduciary duty were non-core claims where they ceased prior to the bankruptcy filing).

Notwithstanding that Plaintiff concedes that Counts I – V as against Conway and Gray may be considered non-core claims, the outcome of this adversary proceeding (including Counts I – V) remains integral to the bankruptcy case. The outcome of this adversary proceeding will affect the liquidation of Dehon's estate, insofar as (a) Conway and Gray have filed proofs of claim against the estate and seek recovery thereby of a pro rata share of the estate *res*; and (b) Conway and Gray may have setoff rights associated with any judgment in favor of Plaintiff and against Conway and Gray in this adversary proceeding. For these reasons, as referenced below, Conway and Gray would not be entitled to a jury trial in this adversary proceeding.

**B.     MLBR 9015-1(c) Requires That This Adversary Proceeding Remain in the Bankruptcy Court until Trial.**

Notwithstanding that Plaintiff concedes that Counts I – V as against Conway and Gray could be considered non-core claims, this adversary proceeding must remain in the Bankruptcy Court until trial regardless of whether the reference is withdrawn with respect to the counts against Conway and Gray (or the other Defendants). See MLBR 9015-1(c). Indeed, Massachusetts Local Bankruptcy Rule 9015-1(c) *mandates* that pretrial proceedings remain in the Bankruptcy Court:

> The bankruptcy judge may conduct a jury trial pursuant to 28 U.S.C. § 157(e) if the right to a jury trial applies and a timely demand has been

made, provided that the parties file a pleading entitled "Joint Statement of Consent to Jury Trial in the Bankruptcy Court" no later than the date established by the Court for the filing of the Joint Pretrial Memorandum pursuant to MLBR 7016-1 or such other time as the Court may fix. If the parties do not file the Joint Statement of Consent to Jury Trial in the Bankruptcy Court, *the Bankruptcy Court shall conduct all pretrial proceedings and thereafter transfer the case or proceeding to the appropriate United States District Court for trial.*

(Emphasis added.) See Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.), 266 B.R. 1, 6 (Bankr. D. Mass. 2001) (Boroff, J.) (noting that the District Court (Gorton, J.) agreed to withdraw the reference but ordered that "all pretrial matters [be] resolved in the Bankruptcy Court pursuant to MLBR 9015-1(c)"); but see id. at 7 (holding that the Bankruptcy Court cannot render summary judgment on non-core claims notwithstanding MLBR 9015-1(c)). MLBR 9015-1(c) is entirely consistent with 28 U.S.C. § 157(d), which states that "[t]he district court may withdraw, *in whole or in part*, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of a party, for cause shown." (Emphasis added.) Accordingly, regardless of whether the reference is withdrawn with respect to Plaintiff's non-core claims against Conway and Gray, the entire adversary proceeding, including all counts against all defendants, must remain in the Bankruptcy Court until trial.

Moreover, the Bankruptcy Court should be entitled to make final judgments with respect to dispositive motions, such as a motion for summary judgment, for all core claims, regardless of whether a jury trial exists with respect to such claims. See Spookyworld, 266 B.R. at 6. Courts have made clear that because the bankruptcy court is usually the most experienced with administering core bankruptcy matters such as the avoidance and recovery of preferential or fraudulent transfers pursuant to chapter V of the Bankruptcy Code, as well as most knowledgeable regarding the particulars of the

underlying bankruptcy case, judicial economy is advanced by not taking the case from the bankruptcy court prior to the need for a jury. See, e.g., In re Meinan, 232 B.R. 827, 832 (Bankr. W.D. Pa. 1999) (noting that the "bankruptcy court can, at least in core proceedings, rule on dispositive motions, such as summary judgment motion[s], without depriving a party of his or her jury trial right") (internal citations omitted). With respect to pretrial dispositive motions affecting the non-core claims, the Bankruptcy Court should be entitled to propose findings of fact and law and provide recommendations to this Court as to the disposition of the former, in conformity with 28 U.S.C. § 157(c)(1). See Spookyworld, 266 B.R. at 11.

**C.   Plaintiff Does Not Object to Conway and Gray's Request to Withdraw the Reference But Submits That the Court Should Withdraw the Entire Adversary Proceeding, Including All Counts against All Defendants, for Purposes of Conducting the Trial.**

Plaintiff does not object to Conway and Gray's request to withdraw the reference, but respectfully submits that the reference should be withdrawn for the entire adversary proceeding, including all counts against all Defendants, for purposes of conducting the trial. Conway and Gray have argued that the interest of judicial economy supports withdrawal of the reference as against them. See Reference Motion, at 3-4. Withdrawal of the reference as against Conway and Gray only would add to the burden of two separate courts' dockets, tax the financial resources of the estate and the creditors if certain of the Defendants were entitled to withdraw the reference while other Defendants who failed to move to withdraw had their Counts tried before the Bankruptcy Court, and could very likely result in inconsistent rulings on various factual and legal matters, causing a great deal of confusion for all of the parties involved. Courts have cautioned against withdrawing the reference if such problems are likely to occur. See Gray v.

-7-

Solvay Polymers, Inc. (In re Dooley Plastic Co., Inc.), 182 B.R. 73 (D. Mass. 1994). "In determining cause [to withdraw the reference], the district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." Id. at 81 (quoting United States v. Kaplan, 146 B.R. 500, 502-3 (D. Mass. 1992)); see also Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985).

In Congress Credit Corp. v. AJC Int'l, Inc., 42 F.3d 686 (1st Cir. 1994), for example, the First Circuit instructed the district court to withdraw a core preference action pending in the bankruptcy court for consolidation with a non-core diversity lien action. As the First Circuit explained:

> We direct use of § 157(d) not because of any fault on the part of the bankruptcy court, but because bringing preference claims into the district court will allow all facets of these controversies affecting the same property and the same defendants to be disposed of by one tribunal having undoubted jurisdiction and authority.

Id. at 691. "[I]t would waste the resources of both parties and the judiciary to split this proceeding and litigate these issues in two separate forums." In re Almacs, 202 B.R. 648, 659 (D.R.I. 1996). See also 1800 Postcards, Inc. v. Morel, 153 F. Supp.2d 359, 367 (S.D.N.Y. 2001) (holding that it was appropriate to withdraw the fraudulent transfer claim, notwithstanding that it was core, "in the interest of efficiency" given the "overlapping of facts, transactions, and issues"); In re Green, 200 B.R. 296, 299 (S.D.N.Y. 1996) (withdrawing the reference to entire adversary proceeding in light of decision to withdraw reference of one non-core complaint within proceeding; to permit proceedings in two separate forums "would cause unnecessary delay and deplete both judicial resources and the assets of the bankrupt estate").

None of these goals is promoted by severing this case into multiple proceedings in multiple forums by withdrawing the reference for some Defendants on some of the Counts. Given the existence of core and non-core claims and the fact that certain Defendants are entitled to jury trials and others are not, Plaintiff requests, in the event this Court should decide to withdraw the reference (subject to the caveats regarding pretrial matters), that it withdraw the reference as to the entire case, keeping all of the Defendants and all of the Counts (both core and non-core) together in one proceeding.

### D. This Court Should Conduct a Jury Trial for the Defendants Entitled to a Jury and a Bench Trial for the Remaining Defendants.

Certain of the Defendants in this adversary proceeding may be entitled to a jury trial, while others may not. Depending on the nature of the claim, for those Defendants who did not file a proof of claim against the estate or a counterclaim in this adversary proceeding,[2] and who requested a jury trial in their respective answer, they may be entitled to a jury trial. For those Defendants who have submitted to the equitable jurisdiction of the bankruptcy court because they filed a proof of claim against the estate, filed a counterclaim in this adversary proceeding, or failed to request a jury trial, however, this Court should conduct a bench trial, consistent with the United States Supreme Court holdings of Langenkamp v. C.A. Culp, 498 U.S. 42 (1990), Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), and Katchen v. Landy, 382 U.S. 323 (1966), as discussed below.

Notwithstanding that Plaintiff concedes that Counts I – V as against Conway and

---

[2] Courts have recognized that permissive or compulsory counterclaims filed in an adversary proceeding brought by the estate's representative subjects the defendant to the equitable jurisdiction of the bankruptcy court such that they are not entitled to a jury trial. See, e.g., Northeastern Graphic Supply, Inc. v. Net 2 Press, Inc. (In re Northeastern Graphic Supply, Inc.), 2003 WL 22848944 *4-5 (Bankr. D. Me. Dec. 2, 2003) (citing cases).

-9-

Gray could be considered non-core and that Plaintiff does not contest the withdrawal of the reference for purposes of trial on the suggested conditions set forth herein, Plaintiff disputes that Conway and Gray are entitled to a jury trial on these counts. Both Conway and Gray filed proofs of claim against the estate, and, accordingly, Conway and Gray do not have the right to a jury trial. (A true and correct copy of each proof of claim is attached hereto and incorporated herein by reference, collectively as Exhibit A.)

The United States Supreme Court has held that the filing of a proof of claim against a bankruptcy estate brings the claimant within the equitable jurisdiction of the bankruptcy court and thereby terminates jury trial rights. See Langenkamp, 498 U.S. at 45 (creditors not entitled to jury trial on trustee's preference action where claimants had filed claim against bankruptcy estate); Granfinanciera, 492 U.S. at 58-59, and n.14 (holding that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting the claimant/defendant to the bankruptcy court's equitable power); see also Katchen v. Landy, 382 U.S. 323 (1966) (holding under the Bankruptcy Act of 1898 that defendant who filed a claim against the bankruptcy estate had no jury trial right in a suit by trustee to recover preferential transfers). While certain lower courts have taken a somewhat narrow view of the Supreme Court's holdings in this regard[3], at least one bankruptcy court in the First Circuit has ruled in a manner consistent with the broad pronouncements of Langenkamp, Granfinanciera and Katchen. See, e.g., Micron Separations, Inc. v. Pall Corp., Inc. (In re

---

[3] See, e.g., Germain v. Connecticut Nat'l Bank, 988 F.2d 1323 (2nd Cir 1993) (stating that in order for a claim against the estate to result in a loss of jury trial rights, the claim must be "inextricably intertwined with a public right; the 'involvement' may not be casual or vague"); RDM Sports Group, Inc. v. Equitex, Inc. (In re RDM Sports Group, Inc.), 260 B.R. 915, 925 (Bankr. N.D. Ga. 2001) (no waiver of jury trial rights on three of four claims only incidentally related to the bankruptcy case).

Micron Separations, Inc.), 220 B.R. 733, 734 (Bankr. D. Mass. 1997) (Queenan, J.) (holding that defendant was not entitled to jury trial because, *inter alia*, it had filed claims in the bankruptcy proceeding, and "[t]he filing of a proof of claim brings a claimant within the equitable jurisdiction of the bankruptcy court, terminating jury trial rights"). This Court should also follow Langenkamp, Granfinanciera and Katchen and hold that Conway and Gray have submitted to the equitable jurisdiction of the bankruptcy court and, accordingly, have waived their right to a jury trial. Id. at 734.

In this case, the proofs of claim filed by Conway and Gray assert a right to receive an aggregate amount of over $500,000.00 from the bankruptcy estate based on various deferred compensation accumulated during service as former directors of Dehon. In seeking a pro-rata portion of the estate *res*, Conway and Gray have submitted to the equitable jurisdiction of the bankruptcy court, converting their at-law right to a jury trial on Counts I – V to that of an equitable case to be determined by a bench trial. Furthermore, the filing of the proofs of claim may have permitted Conway and Gray to preserve their setoff rights as against any judgment in this adversary proceeding. For these reasons, the adversary proceeding becomes part of the claims-allowance process and is integral to the restructuring of the debtor-creditor relationship through the Bankruptcy Court's equitable jurisdiction.

### Request for Oral Argument

Plaintiff believes that oral argument may assist the Court in determining the outcome of this matter and, accordingly, hereby requests oral argument on the Reference Motion and this Opposition. See LR 7.1(D).

## Conclusion

As referenced in the Introduction, only some of the Defendants have been served in this case. As any action on this Reference Motion will affect the Defendants who have not yet appeared, the prudent course is to defer hearing of the Reference Motion until all Defendants have been served and given a reasonable opportunity to be heard on this matter. Nevertheless, if the Court decides to hear and act on the Reference Motion prior to the appearance of all Defendants, then for the reasons set forth herein, Plaintiff respectfully requests that this Court enter an order either (a) denying the Motion without prejudice until such time as the matter is ready for trial; or (b) withdrawing only the trial portion of the reference and leaving the Bankruptcy Court to preside over the pretrial portion of this adversary proceeding pursuant to MLBR 9015-1(c) with respect to *all defendants and all counts (core or non-core)*, with the authority to make final rulings on all pretrial dispositive motions for core counts and to make findings of facts and law and further provide recommendations to this Court for final determination on all dispositive motions for non-core counts. Plaintiff further requests that such order provide that this Court shall conduct a jury trial for those Defendants who qualify for the same and a bench trial for those Defendants who do not.

Dated: May 7, 2004

/s/ Julie A. Frohlich
Julie A. Frohlich (BBO #554707)
Douglas B. Rosner (BBO #559963)
Christian J. Urbano (BBO #644471)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
Tel:   (617) 482-1776
Fax:   (617) 574-4112
drosner@goulstonstorrs.com

Counsel to the Plan Administrator

## CERTIFICATE OF SERVICE

I, Julie A. Frohlich, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on May 7, 2004.

/s/ Julie A. Frohlich
Julie A. Frohlich